IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Georgia Woodberry, ) | C/A NO. 1:22-cv-01608-JD-SVH |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER AND OPINION** |
| ) | |
| Warden of Graham Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter is before the Court with the Report and Recommendation ("Report and Recommendation" or "Report") of United States Magistrate Judge Shiva V. Hodges, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] (DE 19.) Petitioner Georgia Woodberry ("Petitioner" or "Woodberry") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (DE 1.) Woodberry alleges three grounds for habeas relief:

> [1] Counsel failed to move to quash [the] murder indictment and failed to advise Applicant that she couldn't be found guilty of murder from an automobile accident[,] [2] Counsel failed to advise [Petitioner] on S.C. law felony murder and that she can't be found guilty when she was not [the] proximate cause of decedent's death, and [3] [Counsel] failed to argue that [the] sentence for [the] attempted murder of Jimmy Askins should be subject to [S.C. Code Ann. §] 16-25-90.

(DE 19, p.6.)

On July 12, 2022, Respondent Warden of Graham Correctional Institution ("Respondent" or "Warden") filed a Motion for Summary Judgment under Rule 56(b), Fed. R. Civ. P., seeking to

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

dismiss Plaintiff's lawsuit. (DE 9.) By Order filed July 13, 2022, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the dismissal procedure and the possible consequences if she failed to adequately respond to the motion. (DE 10.) Petitioner filed a Response. (DE 14.) On October 20, 2022, the Magistrate Judge issued the Report, recommending Respondent's Motion be granted, and the petition be dismissed. (DE 19, p. 27.) The Report stated, among other things, that "Petitioner has failed to show the PCR court's decision was based on an unreasonable determination of the facts in light of the evidence presented in state court" and that "the PCR court's determination is not contrary to, or an unreasonable application of, federal law." (DE 19, p. 25.) Accordingly, for the reasons stated below, the Court adopts the Report and grants Respondent's Motion for Summary Judgment, as provided herein.

## BACKGROUND

The Report and Recommendation sets forth the relevant facts and legal standards, which the Court incorporates herein without a complete recitation. However, as a brief background relating to the objections raised by Petitioner, the Court provides this summary.

Petitioner was indicted in April 2013 by the Florence County Grand Jury for murder, two counts of attempted murder, discharging a firearm into a vehicle, and stalking (2013-GS-21-00411). (DE 19, pp. 1-2.) In July 2013, Petitioner proceeded to a jury trial, but after the start of trial, she decided to plead guilty to the charges against her in front of the Honorable D. Craig Brown, Circuit Court Judge to include in pertinent part that:

> [A]s far as the murder of Lori Pruett, . . . [s]he died from injuries sustained in [a] car wreck. The reason she was in the car wreck was because of the actions of Ms. Woodberry chasing [Carolyn] Gray's vehicle and shooting at the vehicle and chasing them all the way through a red light where they collided with Mrs. Lori Pruett. And Mrs. Pruett died as a result thereof and under [the] legal theory [of] transferred intent. Your Honor, we submit that it was murder of Mrs. Lori Pruett.

(Id. at p. 2.)  After hearing from the victims and from the defense, Judge Brown sentenced Petitioner to imprisonment for concurrent terms of 40 years for murder, 25 years for one count of attempted murder, 20 years for the other count of attempted murder, five years for discharging a firearm into a vehicle, and five years for stalking.  (Id. at pp. 3-4.)

Petitioner filed a post-conviction relief ("PCR") application on November 11, 2013, in the Florence County Court of Common Pleas, alleging the following grounds: (a) ineffective assistance of counsel, based on allegations Plaintiff was intimidated into pleading guilty; (b) evidence was not presented; and (c) judge was prejudiced and biased, based on allegations that Petitioner had expressed dissatisfaction with plea counsel, but was not provided with new counsel. The PCR court denied Petitioner's application in an order filed on May 30, 2017.   Petitioner appealed, filing a petition for a writ of certiorari, raising the following issue:

> Whether the PCR Court erred in finding that plea counsel rendered effective assistance of counsel where he misadvised Petitioner regarding her criminal responsibility for the death of an unintended victim and where Petitioner testified that she would have continued with her trial and not pled guilty to murder had she been properly advised regarding the law applicable to her case.

(DE 19, p. 6.)  The matter was transferred to the Court of Appeals. Initially, certiorari was granted, but after the argument, the Court of Appeals dismissed certiorari as improvidently granted. Petitioner filed this federal petition for a writ of habeas corpus in May 2022.

## **DISCUSSION**

On November 7, 2022, Petitioner filed an objection to Report.  (DE 21.)  However, to be actionable, objections to a report and recommendation must be specific.  Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge.  See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984).  "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the

district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985)). "A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object." Tyler v. Wates, 84 F. App'x 289, 290 (4th Cir. 2003). "Likewise, a mere restatement of the arguments raised in the summary judgment filings does not constitute an 'objection' for the purposes of district court review." Nichols v. Colvin, 100 F. Supp. 3d 487 (E.D. Va. 2015). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the Court finds that Plaintiff has raised the following specific objections to the Report. First, "the merits of the factual dispute were not resolved in the State Court." (DE 21, p. 1.) Second, "the . . . State Court . . . failed to appoint adequate counsel to represent her in the State Court proceedings." (Id.) As correctly noted in the Report, under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceeding. See 28 U.S.C. § 2254(d)(1)(2); see also Williams v. Taylor, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. at 410. Moreover, state court factual determinations are presumed to be correct, and the petitioner has the

burden of rebutting this presumption with clear and convincing evidence. See 28 U.S.C. § 2254(e)(1).

Here, Petitioner's objection, albeit expressly stated, raises issues outside of the purview of the Court. The § 2254 standard requires this Court to focus not on whether plea counsel was ineffective but on whether the PCR court's rejection of the ineffective-assistance-of-counsel claim was based on either unreasonable factual findings or an unreasonable application of federal law. Applying this standard, this Court finds that the Report comprehensively addresses this claim and found that

> the PCR court's conclusion was not based on an unreasonable determination of the facts. The order of dismissal demonstrates the PCR court found plea counsel's testimony credible while finding Petitioner's testimony was not credible., (Citation omitted.) Such credibility determinations are entitled to deference here. See Cagle v. Branker, 520 F.3d 320, 324 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1)) ("[F]or a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear."); see also Marshall v. Lonberger, 459 U.S. 422, 434 (1983) ("28 U.S.C. § 2254(d) gives federal courts no license to redetermine the credibility of witnesses whose demeanor has been observed by the state trial court, but not by them.").

(DE 19, p. 23. ) Further, the Report found and this Court agrees that "the PCR court's determination is not contrary to, or an unreasonable application of, federal law." (Id. at 24.) Conversely, Petitioner's objection does not identify how the PCR Court's order is, in fact, an unreasonable application of federal law. The fact that Petitioner is *pro se* does not alleviate her burden under 28 U.S.C. § 2254.

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report (DE 19) and incorporates it by reference.

It is, therefore, **ORDERED** that Respondent's Motion for Summary Judgment (DE 9) is granted and Woodberry's Petition is dismissed; further, it is **ORDERED** that a certificate of

appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

                                              Joseph Dawson, III
United States District Judge

Florence, South Carolina
March 15, 2023

**NOTICE OF RIGHT TO APPEAL**

Petitioner is hereby notified that she has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.